

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

File Number:

July 31, 2019

**Tancred Schiavoni**  
D: +1 212 326 2267  
tschiavoni@omm.com

Honorable P. Kevin Castel  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007-1312

**Re:** *99 Civ. 9667 (PKC) and 99 Civ. 9669 (PKC)*

Dear Judge Castel:

I attach a courtesy copy of the declarations of Victor England and Stamatios Stamoulis that we filed yesterday in anticipation of today's hearing. The Court's Order dated July 15, 2019, scheduled today's hearing to address the disposition of the remaining nine coins that are the subject of the Temporary Receiver's Motion.

Mr. England is an expert in rare coins and the former principal of an auction house specializing in ancient and medieval coins, Classical Numismatic Group, Ltd. ("CNG"). From 1995 through 1999, Mr. Armstrong placed purchase orders for millions of dollars of rare coins with Mr. England and his firm. Based on his personal knowledge, Mr. England affirms that his former firm, CNG, served either as agent or auctioneer for the purchase of Coin Nos. 5, 30 and 52, and that the CNG invoices in the Stamoulis Declaration correspond to these sales to the Princeton companies. Mr. England traces Coin Nos. 22 and 31 to invoices in the Stamoulis Declaration attributable to two other auction houses with whom he dealt, Superior Stamp & Coin and Numismatik Lanz, Coin Nos. 39, 49 and 50 to payment records in the Stamoulis Declaration for sales to the Princeton companies and Coin No. 51 to a purchase made by the Princeton companies.

Mr. England's business partner attended the July 6, 1996, auction at which the Henry III, Golden Penny (Coin No. 49) was sold and recorded the sales made at that auction. Mr. England attests that CNG maintained these notes as a business record in its files. His testimony about this auction and the exhibits that support it further collaborate that the payment records contained in the Stamoulis declaration are for the Henry III, Golden Penny and that it falls within the scope of the prior orders of this Court. However, the Court need look no further than Mr. Armstrong's own admissions concerning the Henry III, Golden Penny to hold that it is property of the receivership. At his deposition on May 30, 2019, Mr. Armstrong admitted that the Henry III, Golden Penny was part of Princeton's corporate reference collection of coins (which was the subject of this Court's August 25, 2000, Findings of Fact):

Q. So, the corporate reference collection included a medieval collection of

>   coins, right?
>
>   A. Only really English.
>
>   Q. And that medieval collection of coins in the corporate reference collection included the English golden penny, right?
>
>   A. Up to that point, yes.

Armstrong May 30, 2019, Tr. p. 49, lines 8-15, attached as Exhibit 25 to the Declaration of Victor England.

    Mr. Stamoulis is a former associate of O'Melveny & Myers LLP and the author of the Stamoulis declaration dated December 14, 1999. Mr. Stamoulis affirms that the Conformed Copy of the Stamoulis Declaration bearing bates number AB0000001-574 is to the best of his knowledge the declaration that was filed and served. In addition to preparing the Stamoulis Declaration, he also prepared the appendix that was submitted to the United States Court of Appeals for the Second Circuit (Case Number 01-6159) as part of the appeal of the contempt order. Mr. Stamoulis affirms that he incorporated relevant sections of the Stamoulis declaration into the Appellate Appendix and that his comparison of the appellate appendix to the Conformed Copy of the declaration confirms that the pages of the declaration that are cited in support of the Receiver's motion were in the original declaration.

    Heritage has submitted the declaration of rare coin expert Sam Spiegel. We submit that these declarations and the other evidence that has been offered establish by more than a preponderance of the evidence that the nine rare coins that are the subject of the July 31, 2019, hearing are within the scope of the prior orders of this Court and hence, property of the receivership.

    Against this evidence Mr. Armstrong has offered nothing to show that he purchased any of the nine coins with his personal funds. In response to the Receiver's Requests for Admissions and Interrogatories, Mr. Armstrong has admitted that he has no evidence that he purchased any of the nine rare coins at issue. *See* Armstrong Response to the Receiver's Request for Admission dated July 30, 2019, RFA Nos. 6, 7, 17, 18, 22, 23, 27, 28, 34, 35, 39, 40, 51 and 52; Armstrong Response to the Receiver's Interrogatories, dated July 30, 2019, Interrogatory No. 1 ("Armstrong is not currently in possession of evidence that shows he has paid (in whole or in part) with personal funds for the coins mentioned in the Requests for Admissions…"). Mr. Armstrong has also admitted the statements made in his tax returns that confirm both that he lacked the resources to pay for the rare coins with his own funds or was given them as compensation. *See* Armstrong Response to Receiver's Request for Admission, RFA No. 62 (confirming income from emergence from personal bankruptcy through arrest in 1999).

    Finally, Mr. Armstrong's belated claims about needing discovery into the sources of the funds of the Princeton companies is a red herring. As Mr. Armstrong has acknowledged that he

did not have and does not have now an ownership interest in any of the Princeton companies in receivership, he lacks standing to raise this issue. In any event, the passage of the bar date and Mr. Armstrong's settlement with the Receiver, SEC and CFTC extinguished any possible claim against the assets of the estate.

Very truly yours,

/s/ T. Schiavoni

Tancred Schiavoni
of O'MELVENY & MYERS LLP

*The Temporary Receiver for Princeton Economics International Ltd., Princeton Global Management Ltd., and their subsidiaries and affiliates appointed by Order of the District Court for the Southern District of New York, dated July 15, 2019*

cc:   Counsel for SEC and CFTC,
      Counsel for Heritage Numismatic Auctions, Inc., the Antoniaks and Martin Armstrong

OMM_US:77121647.3